# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF ARKANSAS

## CENTRAL DIVISION 4

| | |
|---|---|
| Crain Imports of Fayetteville, LLC dba Crain Volkswagen of Fayetteville,<br>Plaintiff, | Civil Action No. 4:22-cv-01264-KGB |
| vs. | |
| Volkswagen Group of America, Inc. dba Volkswagen of America, Inc.<br>Defendant. | |

## MEMORANDUM IN SUPPORT OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.2, Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through undersigned counsel, submit this Memorandum in Support of VWGoA's Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion for a More Definite Statement (the "Motion").

## INTRODUCTION

Plaintiff Crain Imports of Fayetteville, LLC dba Crain Volkswagen of Fayetteville's ("Plaintiff" or "Crain VW") claims in this case represent a blatant attempt to avoid the established and exclusive procedures and remedies provided in the Arkansas Motor Vehicle Commission Act (the "Act") (Ark. Code Ann. § 23-112-101, *et seq.*). More specifically, Plaintiff intentionally omits salient, undisputed, and judicially noticeable facts related to the establishment of Everett Automotive of Rogers, Inc. dba Everett Volkswagen

("Everett VW") located in Rogers, Arkansas. Despite knowing that Everett VW is currently operating as a licensed and authorized Volkswagen dealer in Rogers, Arkansas, Plaintiff misrepresents facts in a confusing and improper attempt to have this Court usurp the administrative functions of the State of Arkansas and retroactively strip Everett VW of its lawfully obtained dealer license. Plaintiff obfuscates these facts by leading the Court to believe that the establishment of a new Volkswagen dealer in Rogers, Arkansas has not yet occurred. To the contrary, Plaintiff is fully aware that Everett VW is an existing, authorized Volkswagen dealer already open and operating in Rogers, Arkansas.

While ignoring the existence of Everett VW, in the Complaint, Plaintiff—an authorized Volkswagen dealer with a Volkswagen dealership facility located in Fayetteville, Arkansas—seeks a court order prohibiting VWGoA from issuing a license or distributing inventory to any new Volkswagen dealership in Washington and Benton counties notwithstanding that Arkansas statute specifically requires VWGoA to provide inventory to all Volkswagen dealers in the state. Plaintiff also seeks to recover monetary damages for VWGoA's alleged breach of contract, statutory violations, and breach of the implied covenant of good faith and fair dealing. All Plaintiff's claims are centered on the establishment of an additional Volkswagen dealer and VWGoA's alleged failure to provide Plaintiff with "adequate inventory." However, Plaintiff fails to inform the Court that the establishment it seeks to prevent has already occurred with approval from the Arkansas Motor Vehicle Commission (the "Commission") over Plaintiff's baseless objections.

For reasons discussed more fully below, Plaintiff's Complaint is barred by law and should be dismissed for several independent reasons. *First*, this action should be dismissed

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the Commission has exclusive jurisdiction over all actions in which injunctive relief is sought to prevent any person from violating any provision of the Act. *Second*, and even if the Court finds it has subject matter jurisdiction over Plaintiff's claims, Plaintiff's claims should still be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's breach of contract claim fails because the allegations fail to provide VWGoA with reasonable notice of its claim as required by Rule 8. Plaintiff's breach of statutory duty claim fails for several reasons, including that the statutes Plaintiff purports VWGoA violated do not create any rights or duty that give rise to an actionable claim. Plaintiff's breach of common law duty fails because it is not a cognizable claim under Arkansas law. The claims are baseless and should be dismissed with prejudice.

In the alternative, in the event does not dismiss the claims, this Court should at a minimum pursuant to Rule 12(e) require Plaintiff to amend its Complaint and provide a more definite statement as to the allegations supporting Plaintiff's cause(s) of action for breach of statutory duty.

## RELEVANT FACTUAL BACKGROUND

On November 22, 2022, Plaintiff filed a Complaint in the Circuit Court of Pulaski County, Arkansas asserting causes of action for breach of contract, breach of statutory duty, and breach of common law duty wherein Plaintiff seeks to recover monetary damages as well as injunctive relief and attorneys' fees and costs. (*See generally* Compl., Dkt. No. 2). On December 22, 2022, VWGoA timely removed the action to this Court based on diversity jurisdiction. Prior to the filing of the action in state court, on November 15, 2022,

Plaintiff also submitted a complaint for filing with the Commission. (A copy of Plaintiff's Protest Letter filed with the Commission is attached hereto as **Exhibit A** and incorporated herein by reference).[1]

At the onset of the Complaint, Plaintiff makes clear that it objects to VWGoA's alleged plan to establish a new Volkswagen dealer in Rogers, Arkansas, which Plaintiff erroneously refers to as Plaintiff's "market territory." (Dkt. No. 2 ¶ 4). The Complaint then provides some background of Plaintiff's history as a Volkswagen dealer. Plaintiff alleges that it entered into a Volkswagen Dealer Agreement wherein it became an authorized Volkswagen dealer on or about June 1, 2015. (Dkt. No. 2 ¶ 10). Initially, Plaintiff's dealership facility was located in Springdale, Arkansas. (Dkt. No. 2 ¶ 1). Plaintiff further alleges that it was "the only Volkswagen dealership in Washington and Benton counties." (Dkt. No. 2 ¶ 11). Pursuant to Exhibit D of the Dealer Agreement, Plaintiff alleges that it agreed to relocate its dealership facility to Fayetteville, Arkansas. (Dkt. No. 2 ¶¶ 12, 13). In January 2017, Plaintiff alleges it completed construction for the new dealership facility in Fayetteville, Arkansas and opened for business. (Dkt. No. 2 ¶¶ 12, 16).

What Plaintiff inexcusably fails to make clear for the Court is that Everett VW is already operating in Rogers, Arkansas. Everett VW was formed on May 7, 2021. (A copy

---

[1] "The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The court's election to do so does not convert the 12(b)(1) motion to dismiss into a motion for summary judgment." *Deuser v. Vecera*, 139 F.3d 1190, 1192 (8th Cir. 1998) (internal quotations and citations omitted).

of the business entity search results for Everett VW found on the Arkansas Secretary of State website is attached hereto as **Exhibit B** and incorporated herein by reference).

As reported by the Northwest Arkansas Democrat Gazette, construction of Everett VW, located at 4510 W. Poplar St., Rogers, Arkansas, began in or around May 2021. *See Everett Volkswagen of Rogers to open in late 2021*(Apr. 28, 2021), Northwest Ark. Democrat-Gazette, https://www.nwaonline.com/news/2021/apr/28/everett-volkswagen-of-rogers-to-open-in-late-2021/. After completion of the dealership facility, a dealer license was issued to Everett VW for the operation of a franchised new motor vehicle dealership at 4510 W. Poplar St., Rogers, Arkansas. (A copy of Everett VW's Dealer License issued by the State of Arkansas, Arkansas Motor Vehicle Commission is attached hereto as **Exhibit C** and incorporated herein by reference). Thereafter, Everett VW opened for business, and it is currently operating as an authorized Volkswagen dealer. *See* https://www.everettvw.com/. Everett VW is located roughly 16 miles (at a minimum) away from Plaintiff's dealership location. (*See* Map showing the distance between Everett VW and Crain VW attached hereto as **Exhibit D** and incorporated herein by reference). Because the foregoing facts related to the establishment of Everett VW are capable of accurate and ready determination by sources whose accuracy cannot be questioned, the Court may and should take judicial notice of them.[2]

---

[2] Pursuant to Federal Rule of Evidence 201(b), "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "A court may take judicial notice at any stage of the proceeding." *Prairie Const. Co. v. Hoich*, 560 F.3d 780, 796–97 (8th Cir. 2009) (citing Fed. R. Evid. 201(c), (f)).

Despite the establishment already occurring, Plaintiff alleges that the establishment of Everett VW will result in multiple violations of the Act. *First*, Plaintiff alleges that opening a new Volkswagen dealership would violate "Arkansas law" which provides "every Volkswagen dealer is entitled to a reasonable quantity of inventory and within a reasonable time, any motor vehicle covered by the sales and service agreement." (Dkt. No. 2 ¶ 23). Much later in the Complaint, in paragraph 38, Plaintiff cites to Ark. Code Ann. § 23-112-403, which prohibits a manufacturer from refusing to deliver in reasonable quantities and within a reasonable time after receipt a franchised dealer's order, any vehicle that is covered by the franchise. (Dkt. No. 2 ¶ 38). Plaintiff alleges that "[VWGoA's] production is not adequate to properly service Crain VW." (Dkt. No. 2 ¶ 39). Presumably, the "Arkansas law" VWGoA allegedly violated is Ark. Code Ann. § 23-112-403. Ironically, these laws make clear that Plaintiff is asking this Court to require VWGoA to violate Ark. Code Ann. § 23-112-403 by depriving Everett VW any quantity of inventory.

*Second*, Plaintiff cites to Ark. Code Ann. § 23-112-403(a)(4)(A) which prohibits a manufacturer from unfairly competing with its franchised dealer in the relevant market area. (Dkt. No. 2 ¶ 24). However, the Complaint does not contain any factual allegations regarding how VWGoA has engaged in this prohibited conduct nor can it.

*Third*, Plaintiff alleges that opening a new Volkswagen dealership would violate three definition sections under the Act. Specifically, a new dealership would violate (i) the definition of "franchise" as defined by Ark. Code Ann. § 23-112-103(14)(D) because "[VWGoA] will not be able to adequately supply the volume of vehicles, parts and accessories for all its dealerships," (Dkt. No. 2 ¶ 29); (ii) the definition of "good faith" as

defined by Ark. Code Ann. § 23-112-103(15) because "[VWGoA] simply cannot sell enough units and/or satisfy enough customers to justify another dealership," (Dkt. No. 2 ¶ 31); and (iii) the definition of "licensed location" as defined by Ark. Code Ann. § 23-112-103(16), but Plaintiff fails to allege any basis for this alleged violation that is coherent. (Dkt. No. 2 ¶ 33).

*Fourth*, Plaintiff alleges that a new Volkswagen dealership "would violate the legislative purpose of setting up the Arkansas Motor Vehicle Commission" as provided by Ark. Code. Ann. § 23-112-102. (Dkt. No. 2 ¶ 26).

*Lastly*, Plaintiff alleges that VWGoA failed to notify the Commission and Plaintiff of its intention to establish an additional dealer in the relevant market area as required by Ark. Code Ann. § 23-113-311. (Dkt. No. 2 ¶ 34). Plaintiff further alleges that good cause does not exist for a new dealership for the following reasons: (i) Plaintiff spent millions of dollars on its facility and a new dealership would drastically impact Plaintiff's investment; (ii) a new dealership would adversely affect the consuming public; (iii) a new dealership would be injurious to the public welfare; and (iv) Plaintiff is providing adequate competition and convenient customer care for Volkswagen vehicles in Washington and Benton counties. (Dkt. No. 2 ¶ 36).

In addition to the alleged statutory violations, Plaintiff also asserts causes of action for breach of contract and breach of the common law duty of good faith and fair dealing. (Dkt. No. 2 ¶¶ 41-42, 46-49). However, the Plaintiff does not specifically identify which contractual provisions have been violated, nor does the Plaintiff provide any specific

allegations or facts to establish how VWGoA has violated the common law duty of good faith and fair dealing. (*See id.*).

Finally, the Complaint asserts a cause of action for injunctive relief based on a violation of contractual and statutory duties, (Dkt. No. 2 ¶¶ 50-52), and the Complaint seeks attorneys' fees and costs solely "as a result of the breach of contract." (Dkt. No. 2 ¶ 54). The specific injunctive relief sought by the Plaintiff is to "prohibit [VWGoA] from issuing a license or distributing inventory to any new VW dealership in Washington or Benton County." (Dkt. No. 2 ¶ 52). VWGoA cannot issue licenses for dealerships in Arkansas and Arkansas law obligates VWGoA to distribute inventory to all Arkansas dealers including the Volkswagen dealership operating in "Washington or Benton County."

## ARGUMENT

I.  **The Court Lacks Subject Matter Jurisdiction Over This Action Seeking Injunctive Relief To Prohibit The Issuance Of A Dealers License To Everett VW.**

As a threshold matter, it is nonsensical to seek injunctive relief from this Court to prohibit VWGoA from issuing a license that VWGoA has no legal authority to issue and which license has already been issued by the Commission, the state authority lawfully responsible to issue new motor vehicle dealer licenses in Arkansas.  This Court does not have subject matter jurisdiction over this claim. Instead, the Commission retains exclusive jurisdiction over the issuance of licenses and maintains exclusive authority to seek injunctive relief based on the application of the Act.

It is undisputed that the Commission, rather than the courts, is solely responsible for dealer licensing. Ark. Code Ann. § 23-112-302; *see also* Ark. Code Ann. § 27-14-2001(a)

(vehicle registration statute requiring that dealers obtain their license from Office of Motor Vehicle). Further, the Act expressly authorizes *the Commission*, and only the Commission, to seek an injunction upon affidavit in the circuit court for the county in which the Commission's office is located to prevent any person from violating any provision of the Act or any rule promulgated by the Commission. Ark. Code Ann. § 23-112-104(a). The Act does **not** permit a *licensee*, such as the Plaintiff, to seek injunctive relief.[3]

Plaintiff's Complaint seeks injunctive relief that would "prohibit [VWGoA] from *issuing a license or distributing inventory* to any new VW dealership in Washington County or Benton County." (Dkt. No. 2 ¶ 52) (emphasis added). Thus, it cannot be reasonably disputed that Plaintiff's claims set forth in the Complaint lie within the Commission's exclusive jurisdiction, and for a court to award Plaintiff injunctive relief would be to usurp the Commission's power.

Particularly, by seeking injunctive relief that would prohibit VWGoA from issuing a *license* to any new Volkswagen dealer in Washington and Benton counties, Arkansas, Plaintiff has invoked Ark. Code Ann. § 23-112-311, which authorizes a dealer to protest the establishment or relocation of a dealership. The means by which Plaintiff can object to the establishment of a new dealership is found solely in the Act, but Plaintiff here is

---

[3] Ark. Code Ann. § 23-112-105 permits a *licensee* suffering pecuniary loss to seek recovery in any court of competent jurisdiction. The legislature authorized licensees such as Plaintiff to seek damages but not equitable relief for violations of the Act. This Court should not add new rights that the legislature chose not to bestow on dealers but instead reserved to the Commission. *See Rylwell, L.L.C. v. Arkansas Dev. Fin. Auth.,* 372 Ark. 32, 36, 269 S.W.3d 797, 800 (Ark.2007) ("The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.").

ignoring these statutory procedures. Instead, Plaintiff requests this Court to disregard the Arkansas legislature's clear intention to give the Commission sole discretion to resolve issues related to the establishment and licensure of a new dealer. *See Chrysler Motors Corp. v. Lee Janssen Motor Co.*, 248 Neb. 322, 335, 534 N.W.2d 309, 317 (1995) (the court dismissed the complaint challenging the termination of a dealership because the means by which a dealership can be terminated are found solely in the dealer statute and the aggrieved party failed to utilize the statutory procedures). Similarly, Plaintiff's request that this Court prohibit VWGoA from providing inventory to Everett VW seeks to have this Court disregard the Arkansas laws that expressly require VWGoA to provide inventory to all Volkswagen dealers. *See* Ark. Code. Ann. § 23-112-403(a)(2)(A)(i) (requiring a manufacturer to supply a reasonable supply of vehicles to all licensed franchisees).

The injunction requested by the Plaintiff also ignores the undisputed factual situation that exists. That is, the dealer license the Plaintiff seeks to prohibit from being issued has already been issued. As such, it is legally impossible for this Court to grant an injunction prohibiting conduct that has already occurred. *See Bierman v. Dayton*, 817 F.3d 1070, 1073 (8th Cir. 2016) (dismissing action for lack of subject matter jurisdiction where the activity sought to be enjoined has already occurred).

Accordingly, because the specific injunctive relief set forth in the Complaint is predicated on matters that are within the sole province of the Commission, the Complaint seeking injunctive relief must be dismissed.

## II.    The Complaint Fails to State Facts Upon Which Relief Can Be Granted.

### A.  Legal Standard.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Fed. R. Civ. P. 8). To meet Rule 8's standard and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility[,]' " and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

### B.  Plaintiff's Claims for Breach of Contract and Attorney's Fees Fail to Provide VWGoA with Reasonable Notice of Its Claim As Required by Rule 8.

In order to state a cause of action for breach of contract, the complaint must assert (1) the existence of an enforceable contract between the plaintiff and defendant, (2) the

obligation of the defendant thereunder, (3) a violation by the defendant, and (4) damages resulting to the plaintiff from the breach. *Smith v. Eisen*, 97 Ark. App. 130, 139, 245 S.W.3d 160, 168-69 (2006).

Here, the Complaint is devoid of any allegations of a *specific* breach of a contract. Despite referencing and citing several provisions of the Dealer Agreement throughout the Complaint, Plaintiff never explicitly identifies the contractual provision purportedly violated by VWGoA. Accordingly, the allegations fail to provide VWGoA with reasonable notice of the breach of contract claim as required by Rule 8, Federal Rule of Civil Procedure. *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757–58 (8th Cir. 2021) (dismissing breach of contract claim where the plaintiff never explicitly identified the contractual provision purportedly violated by the defendant despite referencing several contract excerpts throughout the complaint). For this reason, Plaintiff's allegations are insufficient and should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief.

Additionally, to the extent the Plaintiff is seeking any injunctive relief pursuant to a contractual provision, that claim must also fail as a matter of law. As previously discussed herein, only the Commission has the authority to issue a dealer license, Ark. Code Ann. § 23-112-302, and Arkansas law requires VWGoA to supply inventory to all Arkansas Volkswagen dealers including Everett VW. Thus, injunctive relief of prohibiting the issuance of a dealer license cannot be legally available under a contract not involving the Commission and the Court cannot order VWGoA to violate Arkansas law by depriving any

Volkswagen inventory to another existing Volkswagen dealer who is not a party to Plaintiff's Dealer Agreement or this legal action.

Finally, because Plaintiff's claim for breach of contract fails to state a claim for relief, Plaintiff's cause of action for attorney's fees must also fail. The claim for attorney's fees is based solely on the allegations of breach of contract. Only a prevailing party is entitled to recover attorney's fees for a contract claim under Arkansas law. Ark. Code Ann. § 16-22-308. Therefore, Plaintiff's claim for attorney's fees must also be dismissed and VWGoA should be awarded its attorney's fees.

## C. Plaintiff's Claim for Breach of Common Law Duty is Not Cognizable Under Arkansas Law.

The Supreme Court of Arkansas has held "that Arkansas contract law does not recognize a 'separate contract claim for breach of a duty of good faith and fair dealing.' '[A] breach of the implied covenant of good faith and fair dealing remains nothing more than evidence of a possible breach of a contract between parties.'" *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1043 (8th Cir. 2014) (quoting *Arkansas Research Med. Testing, LLC v. Osborne,* 2011 Ark. 158, 2011 WL 1423993, at *6 (Ark.2011)); *see also Country Corner Food & Drug, Inc. v. First State Bank & Tr. Co. of Conway, Arkansas*, 332 Ark. 645, 655, 966 S.W.2d 894, 899 (1998) ("The fact that every contract imposes an obligation to act in good faith does not create a cause of action for a violation of that obligation, and . . . this court has never recognized a cause of action for failure to act in good faith.").

13

In the Complaint, Plaintiff asserts a cause of action for breach of common law duty. Plaintiff alleges that VWGoA has a common law duty of good faith and fair dealing implied in all agreements, that VWGoA breached its duty, and that as a direct and proximate result of VWGoA's alleged breach, Plaintiff has sustained monetary damages. (Dkt. No. 2 ¶¶ 47-49). Because breach of the common law duty of good faith and fair dealing is not a cognizable claim under Arkansas law, Plaintiff's claim for breach of the common law duty of good faith and fair dealing fails *as a matter of law* and must be dismissed.

D. **Plaintiff's Claim for Breach of Statutory Duty Fails Because Plaintiff Fails to Allege an Actionable Cause of Action and Does Not Have Standing.**

The Complaint fails to specify upon which provisions of the Act Plaintiff's claim for breach of statutory duty is based. Although uncertain, it appears that Plaintiff's claim for breach of statutory duty is predicated on alleged violations of the following provisions of the Act: Ark. Code Ann. § 23-112-403(a)(2)(A)(i); § 23-112-403(a)(4)(A); § 23-112-103(14)(D); § 23-112-103(15); § 23-112-103(16); § 23-112-102; and § 23-113-311. Plaintiff's claim for breach of statutory duty premised on the above violations do not state a claim upon which relief can be granted, and we address each in turn.

*(1) Alleged Violation of Ark. Code Ann. § 23-112-403(a)(2)(A)(i)*

Plaintiff cites to language found in Ark. Code. Ann. § 23-112-403(a)(2)(A)(i) which prohibits a manufacturer "[t]o refuse to deliver, in reasonable quantities and within a reasonable time after receipt of a dealer's order to any licensed motor vehicle dealer having a franchise or contractual arrangement for the retail sale of new motor vehicles sold or distributed by the manufacturer . . . any motor vehicles that are covered by the franchise or

14

contract specifically publicly advertised by the manufacturer, distributor, distributor branch or division, or factory branch or division to be available for immediate delivery." Plaintiff alleges that "[VWGoA's] production is not *adequate* to properly service Crain VW." (Dkt. No. 2 ¶ 39) (emphasis added). Plaintiff, however, has not and cannot allege that VWGoA has refused to distribute vehicles to Plaintiff or that VWGoA otherwise failed to provide Plaintiff with a *reasonable* quantity of vehicles within a reasonable time after receipt of Plaintiff's order.

### (2) Alleged Violation of Ark. Code Ann. § 23-112-403(a)(4)(A)

Plaintiff cites to Ark. Code. Ann. § 23-112-403(a)(4)(A) which provides that it is unlawful "[f]or a manufacturer to unfairly compete with a motor vehicle dealer of the same line make, operating under a franchise, in the relevant market area." Ark. Code. Ann. § 23-112-403(a)(4)(A). "Unfairly compete," as used in Ark. Code Ann. § 23-112-403(a)(4)(A), includes, but is not limited to internet solicitations and preferential treatment of manufacturer-operated dealerships in the supply of inventory, both as to quantity and availability of the latest models of that line make, supply of parts, and payments for warranty and recall claims. Ark. Code. Ann. § 23-112-403(a)(4)(B).

Plaintiff fails to state a claim based on any violation of Ark. Code. Ann. § 23-112-403(a)(4)(A) because the Complaint is devoid of any allegations that VWGoA engaged in any conduct that would constitute unfair competition. In fact, aside from a quote to the statute, the Complaint fails to include any allegations whatsoever that indicates how VWGoA is unfairly competing with Plaintiff or any other Arkansas dealer. Plaintiff's

allegations are focused on Everett VW and Plaintiff does not and cannot allege that Everett VW is a manufacturer-operated dealership.

### (3) Alleged Violation of Ark. Code Ann. § 23-112-103(14)(D)

Plaintiff alleges that the establishment of a new Volkswagen dealership would violate Ark. Code Ann. § 23-112-103(14)(D). Ark. Code Ann. § 23-112-103(14)(D) sets forth the definition "franchise":

> [O]ne (1) or more contracts between a franchised dealer as franchisee and either a manufacturer or a distributor, importer, second-stage manufacturer, or converter as franchiser under which: . . . (D)The franchisee's business is substantially reliant on the franchiser for a continued supply of motor vehicles, parts, or accessories for the conduct of its business.

This provision is merely a definitional statute and as such, does not create any rights or duties that would give rise to an actionable cause of action. *See Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-CV-03131-WHO, 2013 WL 5537126, at *9 (N.D. Cal. Oct. 4, 2013), *aff'd in part,* 670 F. App'x 573 (9th Cir. 2016) (dismissing claim with prejudice because Plaintiff alleged violation of the definitional section of the statute and not a cause of action). In addition, Plaintiff seems to allege that its business is "substantially reliant" on VWGoA "for a continued supply of motor vehicles, part, or accessories for the conduct of its business."

### (4) Alleged Violation of Ark. Code Ann. § 23-112-103(15)

Plaintiff alleges that the establishment of a new Volkswagen dealership would violate Ark. Code Ann. § 23-112-103(15). Ark. Code Ann. § 23-112-103(15) sets forth the definition of "good faith:"

16

> [T]he duty of each party to any franchise and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party.

Again, this provision is a definitional statute and as such, does not create any rights or duties that would give rise to an actionable cause of action. *See Sepehry-Fard*, 2013 WL 5537126 at *9. Further, Plaintiff fails to allege and cannot allege any conduct on the part of VWGoA that was coercive or intimidating or allege any threats of coercion or intimidation by VWGoA.

### (5) Alleged Violation of Ark. Code Ann. § 23-112-103(16)

Plaintiff alleges that the establishment of a new Volkswagen dealership would violate Ark. Code Ann. § 23-112-103(16). Ark. Code Ann. § 23-112-103(16) sets forth the definition of "licensed location:"

> [T]he address designated as the primary business address of the motor vehicle dealer on the application submitted for approval of licensure.

This provision is yet another definitional statute and as such, does not create any rights or duties that would give rise to an actionable cause of action. *See Sepehry-Fard*, 2013 WL 5537126 at *9.

### (6) Alleged Violation of Ark. Code. Ann. § 23-112-102

Plaintiff alleges that the establishment of a new Volkswagen dealership would violate Ark. Code. Ann. § 23-112-102 which sets forth the legislative intent of the Act. This provision does not create any rights or duties that would rise to an actionable cause of action, *see Sepehry-Fard*, 2013 WL 5537126 at *9, and thus cannot be violated by VWGoA.

*(7) Alleged Violation of Ark. Code Ann. § 23-113-311*

Plaintiff alleges that VWGoA failed to provide notice to the Commission and Crain VW of VWGoA's intention to establish an additional dealer and that good cause does not exist for a new Volkswagen dealership as required under Ark. Code Ann. § 23 112-311. Ark. Code Ann. § 23-112-311(a)(1)[4] provides, in pertinent part:

> In all instances, when a manufacturer or distributor seeks to enter into a franchise establishing an additional new motor vehicle dealer or relocating an existing new motor vehicle dealer within or into a relevant market area where the same line make is then represented, **the manufacturer or distributor shall in writing first notify the Arkansas Motor Vehicle Commission and each new motor vehicle dealer in that line make in the relevant market area of the intention to establish an additional dealer or to relocate an existing dealer within or into that market area.**

For situations involving the establishment of a new dealer, the "relevant market area" is expressly defined as "the area within a radius of ten (10) miles around an existing dealer." Ark. Code Ann. § 23-112-103(27)(B).  Based on the applicable statutes, notice to the Commission and Plaintiff of the establishment of a new Volkswagen franchise is only required if the additional franchise is within ten miles of Plaintiff. Everett VW is approximately 16 miles away from Plaintiff, and, therefore no statutory notice was required to be given and, therefore, as a matter of law, there has been no violation of Ark. Code Ann. § 23 112-311 by VWGoA.

---

[4] After receipt of notice from a manufacturer of its intention to establish an additional dealer into that market area, a dealer may file a protest with the Commission. Ark. Code Ann. § 23-112-311(a)(2)(A).   Here, no notice was required but Plaintiff did object to the establishment of Everett VW to the Commission and the Commission issued Everett VW the license, rejecting Plaintiff's position.

**III.    In the Alternative, This Court Should Require Plaintiff to Amend Its Complaint and Provide a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) is a remedy for "unintelligible pleadings." *Mills v. Chase Manhattan Bank, USA N.A.*, No. CIV. 09-5073, 2009 WL 1231990, at *1 (W.D. Ark. May 2, 2009).

The Complaint in this case exhibits the level of deficiency required to trigger Rule 12(e). The Complaint alleges a cause of action for breach of statutory duty; however, it does not include adequate or clear allegations regarding which provisions of the Act VWGoA allegedly violated. Plaintiff cites to multiple provisions under the Act, including definitional provisions, that Plaintiff alleges VWGoA violated. Plaintiff also cites to statutes without including any specific allegations that would indicate any violation by VWGoA. For example, Plaintiff cites to Ark. Code Ann. § 23-112-403(a)(4)(A) but fails to allege that VWGoA violated this statute or otherwise allege facts to support a violation of this statute. At a minimum, VWGoA is entitled to more precise allegations regarding the foregoing because knowing which provisions of the Act Plaintiff is claiming VWGoA violated will enable VWGoA to discern the issues to be litigated and determine an appropriate litigation strategy.

## CONCLUSION

For the foregoing reasons, Defendant Volkswagen Group of America, Inc. respectfully requests that the Court dismiss the Complaint with prejudice or, alternatively,

require Plaintiff to amend its Complaint and provide a more definite statement as to Plaintiff's claim for breach of statutory duty, and for such other and further relief as the Court deems proper.

Dated: December 29, 2022                    Respectfully submitted,

Edwin L. Lowther Jr.
Ark. Bar No. 81107
E-mail: elowther@wlj.com
Wright, Lindsey & Jennings LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, AR 72201
Phone: (501) 371-0808
Fax: (501) 376-9442

Tanya Scarbrough
Ark. Bar No. 2019032
E-mail: tanya.scarbrough@nelsonmullins.com
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Phone: (469) 484-6100
Fax: (469) 828-7217

Paul T. Collins (pro hac vice forthcoming)
E-mail: paul.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 799-2000
Fax: (803) 256-7500

*Attorneys for Defendant Volkswagen Group of America, Inc. d/b/a Volkswagen of America, Inc.*