**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CRAIN IMPORTS OF FAYETTEVILLE, LLC DBA**
**CRAIN VOLKSWAGEN OF FAYETTEVILLE**                    **PLAINTIFF**

v.                            CASE NO. No. 4:22CV-1264-KGB

**VOLKSWAGEN GROUP OF AMERICA, INC. DBA**
**VOLKSWAGEN OF AMERICA, INC.**                         **DEFENDANT**

**BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

COMES NOW Plaintiff, by and through undersigned counsel, and submits this Brief in Support of its Response to Defendant's Motion to Dismiss or in the Alternative, a More Definite Statement ("Motion").

**INTRODUCTION**

Plaintiff Crain Imports of Fayetteville, LLC dba Crain Volkswagen of Fayetteville's ("Plaintiff" or "Crain VW") has brought this action against Defendant Volkswagen Group of America, Inc. ("VWGoA") after VWGoA decided to approve the establishment of a new Volkswagen dealership in Rogers, Arkansas. Plaintiff's Complaint raises claims for breach of contract, breach of statutory duty, breach of common law duty, for injunctive relief, and for its attorneys' fees and costs. Plaintiff seeks a court order prohibiting VWGoA from allowing the new dealership to exist and distributing inventory to any new Volkswagen dealership in Washington and Benton counties. Plaintiff also seeks to recover monetary damages for VWGoA's breach of contract and statutory violations. Specifically, VWGoA has violated the parties' Dealer Agreement and violated parts of the Arkansas Motor Vehicle Commission Act ("Act").

1

Since the filing of Plaintiff's Complaint, Plaintiff has learned information that will require Plaintiff to file an amended complaint (which a Motion for Leave to File Amended Complaint has been filed contemporaneously herewith). Specifically, Plaintiff has learned that the Everett Automotive of Rogers, Inc. dba Everett Volkswagen ("Everett VW") dealership has in fact been established and is operational. Plaintiff's original Complaint alleged that this event was imminent but did not allege that it had in fact occurred. The amendment should address and make moot parts of VWGoA's arguments contained within its Motion.

Plaintiff's Complaint should not be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is complete diversity on the face of the Complaint, and the total amount in controversy exceeds $75,000. The Act does not grant exclusive jurisdiction to the Arkansas Motor Vehicle Commission (the "Commission") over all actions in which injunctive relief is sought to prevent someone from violating the Act. Additionally, Plaintiff also seeks injunctive relief due to Defendant's breach of its contractual duties to Plaintiff. Plaintiff's claims should not be dismissed under Rule 12(b)(6). The Complaint is sufficiently pled to put the Defendant on notice of its breach of contract claims. The Plaintiff's claim for breach of statutory duty is appropriate. Finally, Plaintiff agrees that the common law duty of good faith and fair dealing should not be a separate claim but is a part of a breach of contract claim. Plaintiff's amended complaint clears up any confusion on that point.

**RELEVANT FACTUAL BACKGROUND**

On November 22, 2022, Plaintiff filed a Complaint in the Circuit Court of Pulaski County, Arkansas asserting causes of action for breach of contract, breach of statutory duty, and breach of

common law duty wherein Plaintiff seeks to recover monetary damages as well as injunctive relief and attorneys' fees and costs. (*See generally* Compl., Dkt. No. 2).

VWGoA is a foreign corporation authorized to do business in the State of Arkansas with a foreign address of 3800 Hamlin Road, Auburn Hills, New Jersey, 48326. Plaintiff's original Complaint states that VWGoA intended to enter into a dealership agreement with Everett VW for a new dealership in Rogers, Arkansas. As indicated earlier, Crain VW has now learned that this has actually occurred and states such in its proposed amended complaint.

On December 22, 2022, VWGoA removed this matter to this Court based on diversity jurisdiction. Prior to the filing of the action in state court, on November 15, 2022, Plaintiff also submitted a complaint for filing with the Commission. Plaintiff's Complaint revolves around its objection to the establishment of a new Volkswagen dealer in Rogers, Arkansas as the dealership would be in Plaintiff's market territory, would violate its Dealer Agreement with VWGoA, and run afoul of the Act.

Crain VW has been an authorized VW dealership serving Washington and Benton counties since 2015 when it entered into a Dealer Agreement with VWGoA. Crain VW's retail store was located in Springdale and moved to Fayetteville, Arkansas in 2017. At the time of the Dealer Agreement and until recently, Crain VW has been the only Volkswagen dealership in Washington and Benton counties. Crain VW agreed to move the dealership's location from Springdale to Fayetteville and to establish a very expensive dealership facility at a new location in Fayetteville, Arkansas. That new facility costs millions of dollars. The new facility was and continues to be adequate for the entire market territory of Washington and Benton counties. VWGoA agreed to the construction of the new facility and for Crain VW to be the exclusive VW dealer in Washington and Benton counties.

In 2016, after Crain VW signed the Dealer Agreement with VWGoA, a scandal occurred involving emissions reporting and standards for which became known as "Diesel Gate." That scandal resulted in VWGoA removing diesel products from its product line which severely impacted Crain VW's sales and service. As a result, VWGoA's "Diesel Gate" and its continued lack of production of sufficient volume and lack of sales, VWGoA had not reached and even today, has not reached 600,000 units sold in the United States. Six Hundred Thousand (600,000) units sold is the minimum industry standard for a successful manufacturer and dealer network. In 2016, Crain VW notified VWGoA that Crain VW had made a significant investment in its new facility in Fayetteville serving Washington and Benton counties which totaled over Six Million Dollars ($6,000,000 U.S. Dollars) in land, construction, furniture, fixtures and equipment, signage plus an additional Two Million Two Hundred Fifty Thousand Dollars ($2,250,000 U.S. Dollars) for the acquisition of the business from the previous dealership.

In January of 2017, Crain VW completed construction and opened for business as the VW dealership serving Washington and Benton counties with its location in Fayetteville, Arkansas. Since Crain VW opened for business, VWGoA has failed to provide adequate inventory. VWGoA has failed to achieve the industry standard of 600,000 units per year to support its existing dealer network.

In the United States, from a sales perspective, a brand needs over 600,000 units and/or 3.5% percent market share to warrant additional dealership locations. VWGoA U.S. sales for 2014 was 367,000 units and a 2.2% market share, down from 2013 sales of 408,000 units and a 2.6% market share. In 2015 through the current date, VWGoA is not near the minimum 600,000 units required for success and to support the dealer network, and certainly there is no basis to support

expansion of the dealer network. In 2015, VWGoA expressed its desire to reach 800,000 units in the U.S. and in reliance on VWGoA's commitment, Crain invested millions of dollars in the dealership facilities and operating expenses. In 2021, VWGoA only sold 366,482 units. Projected VWGoA 2022 sales were to be 285,251.

Due to VWGoA's shortcomings, it is violating its contractual, common law and statutory duty of good faith and fair dealing with its dealership. VWGoA does not have adequate market penetration in the United States in order to support any additional dealerships. An additional dealership in Washington and Benton counties was not feasible in 2015, 2017, 2019, 2020, 2021 and is not feasible now based on VWGoA's sales and market share analysis and the Dealer Agreement. It also violates applicable Arkansas law.

## ARGUMENT

**I.  The Court does not Lack Subject Matter Jurisdiction Over This Action Seeking Injunctive Relief.**

Plaintiff does not seek to have this Court issue an injunction prohibiting VWGoA from issuing a license to Everett VW. To the extent that Plaintiff's Complaint appears to request such relief, that has been removed in Plaintiff's proposed amended complaint. Plaintiff was seeking injunctive relief to prevent VWGoA from entering into a Dealership Agreement with Everett VW establishing a new Volkswagen dealership in Rogers, Arkansas. As has been made clear by VWGoA, this has already occurred, and the Court cannot issue an injunction to undo it. Plaintiff has requested, however, that the Court issue an injunction prohibiting VWGoA from continuing to distribute inventory to any new Volkswagen dealership in Washington and Benton County. As this is a request to prevent future acts of VWGoA, the same argument does not apply.

The Defendant states that ***only*** the Commission has the authority to seek an injunction to prevent any person from violating any provision of the Act or any rule promulgated by the

Commission and cites to Ark. Code Ann. § 23-112-104(a). This is a misrepresentation of exactly what the statute says. Ark. Code Ann. § 23-112-104(a), states:

> (a) The Arkansas Motor Vehicle Commission shall be entitled to seek an injunction upon affidavit in the circuit court for the county in which the commission's office is located to prevent any person, firm, partnership, association, corporation, or legal entity from violating any provision of this chapter or any rule promulgated by the commission.

As can clearly be seen from reading the statute, the statute grants the Commission the authority to seek an injunction, but it does not grant exclusive authority to do so. The Act specifically allows for the courts, not the Commission, to award damages and attorney fees to a licensee harmed by willful violations of the statutory scheme. *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 374 F.3d 701, 716 (8th Cir. 2004) (citing Ark. Code Ann. § 23-112-105.). It also specifically states that a motor vehicle dealer can bring an action against a manufacturer under any provision of the Act. Ark. Code Ann. § 23-112-105, states:

> (a) A licensee suffering pecuniary loss because of any willful failure by any other licensee to comply with this chapter, other than a new automobile or truck dealer's failure to comply with § 23-112-301(d)(1) and (2) or with any rule promulgated by the Arkansas Motor Vehicle Commission under authority vested in it by this chapter, may recover reasonable damages and attorney's fees therefor in any court of competent jurisdiction.
>
> (b) **If a motor vehicle dealer prevails in an action against a manufacturer**, distributor, second-stage manufacturer, importer, converter, manufacturer branch or division, or distributor branch or division **under any provision of this chapter**, the motor vehicle dealer shall also have a cause of action against the manufacturer, distributor, second-stage manufacturer, importer, converter, manufacturer branch or division, or distributor branch or division for attorney's fees, if none have been awarded in an earlier administrative hearing.

This section of the statute clearly shows that a motor vehicle dealer (Crain VW) can bring an action against a manufacturer (VWGoA) under any provision of the Act, including Ark. Code Ann. § 23-112-104(a). While VWGoA complains that an injunction preventing it from supplying inventory to the new dealership would cause VWGoA to potentially run afoul of Ark. Code. Ann.

6

§ 23-112-403(a)(2)(A)(i), that is of no fault of Crain VW. VWGoA should have thought about that before allowing the establishment of the Everett VW dealership. Crain VW has the obligation and right to protect its interests. Without the injunction Crain VW will continue to suffer financial harm and VWGoA will be violating Ark. Code. Ann. § 23-112-403(a)(2)(A)(i) anyway as VWGoA cannot provide an adequate supply of vehicles to Crain VW.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is complete diversity on the face of the Complaint, and the total amount in controversy exceeds $75,000. The Act does not grant exclusive jurisdiction to the Commission over all actions in which injunctive relief is sought to prevent someone from violating the Act. Additionally, Plaintiff also seeks injunctive relief due to Defendant's breach of its contractual duties to Plaintiff. As such, Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction must fail.

## II. The Complaint States Sufficient Facts Upon Which Relief can be Granted.

Rule 8 of the Federal Rules of Civil Procedure states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under Fed. R. Civ. P. 8, technical niceties of pleading are not required, rather, a short and plain summary of the facts sufficient to give fair notice of the claim asserted is sufficient. *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). A complaint should not be dismissed "unless it

7

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

Defendant argues that Crain VW's claims for breach of contract and attorney's fees fail to provide VWGoA with reasonable notice of its claim as required by Rule 8. With the notice pleading standard in mind, Defendant's argument does not hold water. Defendant acknowledges that there is an agreement between the parties, specifically the Dealer Agreement previously mentioned. VWGoA argues, however, that Crain VW did not specify which contractual provisions were violated. The Complaint points to several provisions of the Dealer Agreement and goes through several pages of facts that put VWGoA on notice as to its violations. Additionally, the Complaint has alleged a breach by VWGoA of the implied covenant of good faith and fair dealing. There are several facts within the Complaint that support that argument. As pointed out by the Defendant in its Motion, breach of the implied covenant of good faith and fair dealing is evidence of a possible breach of a contract between parties. By taking steps to establish a new Volkswagen dealership in Crain's market area, VWGoA has failed to deal in good faith with Crain VW. This sentiment is furthered by the fact that VWGoA did not even consult with Crain VW about the matter, but instead unilaterally took the action to establish the Everett VW dealership without Crain VW's input at all.

Plaintiff agrees with Defendant that there is no separate contract claim for breach of a duty of good faith and fair dealing. To the extent that Plaintiff's original Complaint appears to allege a separate cause of action for breach of this duty, that should be cleared up in Plaintiff's proposed amended complaint. The breach of this duty is included as part of Plaintiff's breach of contract claim.

The Defendant also argues that Crain VW's claim for breach of statutory duty fails as Crain VW does not allege an actionable cause of action and Plaintiff does not have standing. This claim has no merit. The Defendant states on the one hand that Plaintiff's Complaint fails to state which provisions of the Act Plaintiff claims have been breached, and then on the other hand points to several provisions of the Act that have been cited by Plaintiff in its Complaint. Again, the pleading standard is notice, and the Complaint provides ample notice to Defendant of its violations.

The Defendant states that the Complaint does not allege that VWGoA has refused to distribute vehicles to Plaintiff or that VWGoA otherwise failed to provide Plaintiff with a reasonable quantity of vehicles within a reasonable time after receipt of Plaintiff's order, thus violating Ark. Code. Ann. § 23-112-403(a)(2)(A)(i). Plaintiff's Complaint, however, lists several facts regarding VWGoA's continued lack of production of sufficient volume and lack of sales over the past several years. Specifically on paragraph 17 of Plaintiff's Complaint, Plaintiff alleges that since Crain VW has been open for business, VWGoA has failed to provide adequate inventory. Then, again in paragraph 39 the Complaint, alleges that production by VWGoA is not adequate to properly service Crain VW.

The Complaint alleges a violation of Ark. Code. Ann. § 23-112-103(14)(D) which states that a franchisee is substantially reliant on the franchiser for a continued supply of motor vehicles, parts, or accessories for the conduct of its business. The establishment of this new dealership violates the statute here because VWGoA cannot adequately supply the volume of vehicles, parts, and accessories Crain VW needs.

Ark. Code Ann. § 23-112-103 (15) states:

(15) "Good faith" means the duty of each party to any franchise and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or 1hreats of coercion or intimidation from the other party;

9

The Complaint alleges that the establishment of the new dealership would violate this "Good faith" covenant - which is part of every franchise agreement. VWGOA simply cannot sell enough units and/or satisfy enough customers to justify another dealership. This section of the Act absolutely creates a duty to act in good faith and VWGoA and the Complaint alleges sufficient facts as to how VWGoA has violated that duty to Crain VW.

Under Ark. Code Ann, §23-112-311**,** a manufacturer must first notify the Commission and each new motor vehicle dealer in that line and make in the relevant market area of its intention to establish and additional dealer. Cram VW's relevant market area is Washington and Benton counties. VWGoA has not provided such notice to Crain VW or to the Commission, thus, again, the Complaint has provided sufficient facts to put the Defendant on notice of a violation of the Act. As the Complaint has sufficiently stated several violations of the Act, Defendant's Motion to Dismiss on this issue should also be denied.

**III.   A More Definite Statement by Plaintiff is Not Necessary.**

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). A motion for more definite statement is properly granted only where a "major ambiguity or omission in the complaint" renders it "unanswerable." *Brasel v. Weyerhaeuser Co.*, Nos. 4:07-CV-4037, 4:07-CV-4041, 2008 U.S. Dist. LEXIS 19281, at *13 (W.D. Ark. Mar. 12, 2008) (citing *Farah v. Martin,* 122 F.R.D. 24, 25 (E.D. Mich. 1988)). Motions for more definite statements are disfavored, due to the notice pleading standards of the Federal Rules of Civil Procedure and the availability of liberal and extensive discovery. *Id*. (citing *Weiszmann v. Kirkland and Ellis,* 732 F. Supp. 1540, 1549 (D. Colo. 1990)). Importantly, motions for more definite statement are not to be used as a substitute for

10

discovery. *Id*, (citing *Castillo v. Norton,* 219 F.R.D. 155, 163 (D. Ariz. 2003)). Rule 12(e) is designed to strike unintelligible pleadings, not those merely lacking detail. *Id*.

The Federal Rules of Civil Procedure do not require Plaintiffs to set out in detail the facts upon which they base their claims. *Brasel v. Weyerhaeuser Co.*, Nos. 4:07-CV-4037, 4:07-CV-4041, 2008 U.S. Dist. LEXIS 19281, at *17 (W.D. Ark. Mar. 12, 2008). To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the [Defendant] fair notice of Plaintiffs' claims and the grounds upon which they rest. *Id*. With these rules in mind, there is no need for a more definite statement by Plaintiff.

Plaintiff's Complaint contains several pages of factual allegations that provide VWGoA with sufficient notice of Crain VW's claims. The Complaint explains that how VWGoA was allowing the establishment of another Volkswagen dealership in Plaintiff's market territory and that such an action would be a violation of the parties Dealership Agreement as well as certain duties under the Arkansas Motor Vehicle Commission Act. Any information perceived by the Defendant to be missing from Plaintiff's Complaint is the proper subject of and should be available through discovery. Defendant's request for a more definite statement should thus be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant Crain Imports of Fayetteville, LLC dba Crain Volkswagen of Fayetteville respectfully requests that the Court deny Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement and for such other and further relief as the Court deems proper.

Respectfully submitted,

**CRAIN IMPORTS OF FAYETTEVILLE, LLC, PLAINTIFF**

DAVIDSON LAW FIRM
P. O. Box 1300
Little Rock, Arkansas 72201
Telephone: (501) 320-5132
Facsimile: (374-5917
Charles Darwin "Skip" Davidson
Ark. Bar No. 73026
skipd@dlf-ar.com

Nickolas W. Dunn
Ark. Bar No. 2019115
nickd@dlf-ar.com

## CERTIFICATE OF SERVICE

On January 13, 2023, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which shall send notice of such filing to all counsel of record and constitute service of the same.

Edwin L. Lowther Jr.
Ark. Bar No. 81107
E-mail: elowther@wlj.com
Wright, Lindsey & Jennings LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, AR 72201
Phone: (501) 371-0808
Fax: (501) 376-9442

Tanya Scarbrough
Ark. Bar No. 2019032
E-mail: tanya.scarbrough@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Phone: (469) 484-6100
Fax: (469) 828-7217

Paul T. Collins (pro hac vice forthcoming)
E-mail: paul.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 799-2000
Fax: (803) 256-7500